**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Walter TAYLOR, Jr., and A. J. Taylor, Defendants-Appellants.**

**No. 74–1657.**

United States Court of Appeals, Fifth Circuit.

May 16, 1975.

Rehearing and Rehearing En Banc Denied July 7, 1975.

Richard A. Hirsch, Arnold D. Levine, Tampa, Fla., for defendants-appellants.

John L. Briggs, U. S. Atty., William H. James, Asst. U. S. Atty., Jacksonville, Fla., Claude Tison, Jr., Asst. U. S. Atty., Tampa, Fla., John F. Conroy, Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Appellants Walter Taylor, Jr. and A. J. Taylor were indicted under 18 U.S.C. § 1584, holding to involuntary servitude,[1] and 18 U.S.C. § 371, conspiring to violate § 1584. Walter Taylor, Jr. was charged with two substantive counts related to

---

1. Title 18, U.S.C. § 1584 provides:

   Whoever knowingly and willfully holds to involuntary servitude or sells into any condition of involuntary servitude, any other person for any term, or brings within the United States any person so held, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

two separate individuals, John Bryant, Jr. and Will Herdges, allegedly held by him to involuntary servitude, and with a conspiracy count related to both Bryant and Herdges. A. J. Taylor was charged jointly with his brother on the conspiracy count and on a substantive count related to Bryant. They were tried jointly. Both men were convicted on the conspiracy count and both were acquitted on the substantive counts related to Bryant. Walter Taylor, Jr., was found guilty on the Herdges substantive count. They jointly appeal their convictions. Having considered their contentions of

error in the trial below, we affirm the convictions.

The only assignment of error which is substantial enough to warrant discussion is their contention that the trial judge erred in making certain statements to a deadlocked jury in the nature of a supplemental *Allen* charge[2] and concomitantly giving the jury a time limit within which to reach a verdict, stating to the jury that the consequences of not reaching a unanimous verdict by that deadline would be a mistrial.

The supplemental charge by the trial court[3] was given when, six hours after

2. Allen v. United States, 164 U.S. 492, 501–02, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

3. "THE COURT: I've had a question from the jury that if we don't have a unanimous decision, what is the procedure. The procedure is, it will be necessary for me to grant what is known as a mistrial, and this whole proceeding will be lost. And I may as well tell you that I'm going to ask you to come back tomorrow. And I think you as jurors should consider that the case must at sometime be decided, and that you are selected in the same manner and from the same source from which any future jury must be, and there's no reason to suppose that the case will ever be submitted to the jury, to a jury of more intelligence, more impartial, or more competency to decide it than you, or that more or clearer evidence will be produced on one side or the other.

"Now, I ask you to do exact justice as between the government and the defendants. I am not in any way going to try to coerce you into reaching a decision, if you can't agree unanimously. But I do want, if I don't have objections from one side or the other, I would want you to come back tomorrow morning and please try and see if you can't reach an agreement. And you considered it now I guess pretty much for five hours, and that's a pretty long time to discuss the matter. And if within two hours, between 9:30 and 11:30, you are unable to reach an agreement, I will be very happy to discharge you from further duty in the case and declare a mistrial, which, of course, will necessitate a trial at some other time. So would you please come back tomorrow morning and try and see if you can conscientiously reach a unanimous verdict. Are you willing to do that, every one of you?
(The jury indicated affirmatively.)

"THE COURT: All right. Please, I'm going to ask you to do that. Now, is there any

objection on the part of the government upon that procedure?
"MR. FISHKIN: No, your Honor.
"MR. LEVINE: I have no objection to the jury retiring for the evening.
"THE COURT: Pardon me.
"MR. LEVINE: I have no objection to the jury retiring for the evening and returning in the morning.
"THE COURT: That's the only question I ask. Please be in the jury room, members of the jury, by 9:25 tomorrow, and the clerk will call the roll. And if you're all present, please resume deliberation. I'm going to take it for granted, since the case has been given to you for evaluation and decision, that none of you will, under any circumstances tonite talk to anybody about the case, even the immediate members of the family, your wives and so forth. I'm going to ask you to refrain, if you would, please, from any discussion of this case tonite with anybody else. Now, all agree to that?
(The jury indicated affirmatively.)

"THE COURT: I've seen all twelve heads nod that they would. Therefore, ladies and gentlemen, it's been a long day for you, and I hope y'all have a good night's sleep, and I'll see you tomorrow morning. I'm not going to bring you back to court and ask you if you've talked to anyone. I'm going to take your word that you've given me this afternoon that you will not talk to anybody, and resume your deliberations, and I hope that you can reach a decision within the two hour limit. I don't think I'm over burdening you in asking you to try a little harder because I said something to you this morning, and I again repeat it. You will be a great aid to the administration of justice when you agree upon a verdict based upon the law of the elders. And it is upon the utmost concern of the court where the verdict lies, for the government or the defense. All I'm here to do is to give you the law and to see that

the jury retired to deliberate, it requested advice from the trial court as to the procedure to follow in the event there was not a unanimous decision. The trial court told the jury that its failure to reach a unanimous decision would result in a mistrial. He indicated his intention to dismiss the jury for the evening and have them return the following morning to deliberate two more hours.

At this point, counsel for the defendants stated unequivocally to the court, "I have no objection to the jury retiring for the evening and returning in the morning." After the jurors were dismissed, however, he moved for a mistrial on the grounds that the jurors had expressed an inability to reach a unanimous verdict; alternatively, if that motion were denied, he "insist[ed] that they [the jury] finish this evening." Counsel never objected to the instructions he now alleges as error, nor did he request curative instructions be given by the trial court. The following morning, the jury returned with its verdict five minutes before the deadline.

Because defense counsel did not object to the charge, our review of this asserted error in the Taylors' trial is limited by the "plain error" rule, Fed.R.Crim.P. 52(b), which is to be invoked "only where the error complained of seriously affects the fairness or integrity of the trial and the appellate court must take notice of it to avoid a clear miscarriage of justice." Moore v. United States, 399 F.2d 318, 319 (5th Cir. 1968), cert. denied, 393 U.S. 1098, 89 S.Ct. 893, 21 L.Ed.2d 789.

■■■ The appellants rely upon two cases decided by the Tenth Circuit, Burroughs v. United States, 365 F.2d 431 (10th Cir. 1966), and Goff v. United States, 446 F.2d 623 (10th Cir. 1971), where giving the *Allen* charge to a deadlocked jury in combination with a time limitation on further deliberations was held to be reversible error. We do not accept the proposition that a time dead-

line added to an *Allen* charge is in and of itself reversible error. Every *Allen* charge situation must be decided upon the particular facts and circumstances of the individual situation. Powell v. United States, 297 F.2d 318, 322 (5th Cir. 1961). Having considered all the circumstances surrounding the supplemental charge here, as well as the charge itself, we find that the plain error rule prohibits our taking cognizance of this allegation of error. Counsel had ample opportunity to object to the deadline procedure and to request curative instructions as to any objectionable portions of the trial court's remarks, Fed.R.Crim.P. 51.

The remaining contentions of error are clearly without merit.

Affirmed.

---

the law is properly conducted according to the rules of evidence and the rules of procedure. That is my only interest in the case. So I have no axe to grind, but I do like to see cases moved along. But I only want

them moved along if the verdict represents the conscientious individual judgment of each juror and is unanimous. So good night, ladies and gentlemen, and I'll see you sometime tomorrow morning."