**GOVERNMENT OF the CANAL ZONE, Plaintiff-Appellee,**

v.

**Judith Sue FEARS, Defendant-Appellant.**

**No. 75–1967.**

United States Court of Appeals, Fifth Circuit.

March 15, 1976.

Henry L. Newell, Balboa, Canal Zone, for defendant-appellant.

Lester Engler, U. S. Atty., Wallace D. Baldwin, Asst. U. S. Atty., Balboa, Canal Zone, for plaintiff-appellee.

Before TUTTLE, GODBOLD and GEE, Circuit Judges.

GEE, Circuit Judge:

This appeal requires us to repay the economic and social contributions of the Canal Zone to the United States by exporting the *Allen* charge. Finding no merit in Judith Fears' attack on the court's remarks and instructions or in her other arguments, we affirm her conviction for distribution of cocaine and LSD and for possession of marihuana and LSD.

Fears' principal argument is that the trial judge's remarks and instructions pressured the jury into reaching a verdict. She argues that portions of the instructions and other comments, considered both individually and cumulatively, represent impermissible departures from the narrow wording which has been approved by *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), and its progeny as a means of bringing about jury unanimity. Our task is to assess the impact of the judge's statements in light of his language and the facts and circumstances which formed their context. *Jenkins v. United States*, 380 U.S. 445, 85 S.Ct. 1059, 13 L.Ed.2d 957 (1965). Since no objection was made to any of these statements at trial, we can reverse only if necessary to avoid a clear miscarriage of justice under the "plain error" rule, Fed.R.Crim.P. 52(b). *E. g., United States v. Taylor*, 513 F.2d 70 (5th Cir.), *cert. denied*, —— U.S. ——, 96 S.Ct. 361, 46 L.Ed.2d 281, 44 U.S.L.W. 3280 (1975).

■ Fears first objects to a portion of the judge's initial instructions.[1] These remarks had the laudable goal of encouraging the jury to consider all six counts although the judge had just informed them that it was possible for them to return a verdict on less than all counts. Although the remarks could be interpreted as additional pressure to agree, they contain none of the specific vices which this circuit has condemned in the past. *See generally United States v. Cheramie*, 520 F.2d 325 (5th Cir. 1975). They do not impose time constraints on the jury's deliberations, exhort the minority to reexamine its views in light of the majority's arguments, induce the erroneous perception that jurors have an absolute "duty to decide," or suggest that failure to decide would reflect unfavorably on the jury members. *Id.* at 330–31. The fact that they were made before the jury retired does not increase their coercive impact or automatically make them improper. *See Hale v. United States*, 435 F.2d 737, 742 (5th Cir. 1970), *cert. denied*, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971).

■ After the jury had deliberated a total of approximately four hours, the judge sent them home for the night. At that time he made additional remarks which Fears asserts were impermissibly coercive.[2] These remarks come very close to impermissibly suggesting that the minority reexamine its views and that the jury has a "duty to decide." However, they do not reach the rigorous requirement of "plain error." They do not explicitly contain the forbidden admonitions.[3]

■ Our conclusion that these remarks are not "plain error" is reinforced by the events of the following morning. At that time, the judge delivered a full *Allen* charge, one which was comparable

---

1. During his initial instructions, the judge stated:

   It is very important for you to agree on all counts, for any subsequent trial may cause great difficulties and great distress for the accused as well as for the prosecution. Witnesses can die or disappear and other events may occur which might prejudice either side, so let me insist that you do everything possible in your power to come to an agreement.

2. The relevant portions of the judge's remarks are:

   You have had a hard day and these discussions are difficult. I know that. There are personality conflicts that develop, and different points of view that are expressed, and the arguments sometimes become heated, but you will remember that this is just a moment in your lives, just a passing period, and it will all be over soon once you make a decision. Indecision is one of the most unpleasant positions in life, I think. You can come to a decision. Juries are coming to decisions all over the world wherever the jury system is in practice. We make decisions here in this courtroom every day. When the proof is in frequently I am called upon to make a decision in a matter of a few minutes. I make decisions as I go along. I know it's not the same thing; there's only one mind to make up there, and here we have twelve. But you can make a decision by respecting the opinions of the others and recognizing that each person, a person who has heard the evidence as well as you and that's his point of view, and something that you should give full consideration to.

   \* \* \* \* \* \*

   So tonight try to get it out of your minds and try to get a good night's sleep and come back in the morning. Maybe with the fresh outlook and the recognition of each other's responsibilities, you can come to a decision. It is very important, as I said in one of my instructions. The defense is entitled to a decision and the Government is entitled to a decision. To be called back and retry it, it's very trying on everyone. There's a period of delay on the part of the people who were involved and that is bad. I know it's thrusting a great responsibility upon your shoulders but it's the duty of citizenship, not only to sit as a juror but to decide the case is most important.

3. *Compare Jenkins v. United States, supra* (explicit statement that the particular jury had an absolute duty to decide the particular case), *and Green v. United States*, 309 F.2d 852 (5th Cir. 1962) (explicit direction that minority should distrust its own views). *See also United States v. Taylor, supra*, in which giving an *Allen* charge with an explicit time limit for the jury's deliberations was not "plain error."

to those previously approved in this circuit and whose substance is not challenged in this appeal.[4] Moreover, the judge also reiterated the instructions on lesser-included offenses, entrapment, and "reasonable doubt."[5] After these instructions, the jury took another one and one-half hours to reach a verdict. Here, as in *United States v. Cheramie, supra* at 332, subsequent events sufficiently remove the judge's remarks at the end of the first day of deliberation from the classically-improper pattern of a catalytic urging by the judge followed quickly by a jury decision.

■ Fears does object to the final *Allen* charge on the theory that it was prematurely delivered before the jury indicated that it was deadlocked. There is no requirement that the jury be deadlocked before a supplemental charge is given. *Hale v. United States, supra.* Furthermore, the judge in this case had an indication from the jury that it was having difficulty comparable to the indication in *United States v. Taylor, supra.*

This analysis of the final day of Fears' trial, coupled with the veiled nature of the previous remarks, also convinces us that the cumulative impact of the judge's remarks and charges was not so coercive as to constitute "plain error."

■ In addition to her *Allen* charge argument, Fears contends that the judge improperly commented on the significance of evidence of previous crimes and that she established entrapment as a matter of law. The judge's remarks during the entrapment instruction about

evidence of previous similar offenses are so clearly not "plain error" that no discussion is necessary. Assuming, without deciding, that Fears met her burden to come forward with evidence sufficient to raise a jury issue on entrapment, our review is directed to determining if enough evidence was presented to enable a reasonably-minded jury to conclude that the defendant was predisposed to deal in contraband. *E. g., United States v. Dickens*, 524 F.2d 441 (5th Cir. 1975). In addition to hearsay reputation testimony, this jury heard Fears admit that she had previously gotten drugs for friends and that she had regarded the government informer in this case as her friend. This evidence amply supports the jury's verdict.

■ Finally, Fears objects to the judge's treatment of a problem which arose when the verdict was announced. The verdict forms with respect to the two marihuana distribution counts which the jury had during its deliberations did not correspond to the court's charge. The judge simply sent the jury back out with the proper forms without repeating the charge. Since the sentences on the two marihuana distribution counts are concurrent with the sentences on the cocaine and LSD distribution counts, and since Fears does not allege any harmful collateral consequences from the marihuana convictions standing alone, we decline to review the latter convictions. *E. g., United States v. Strickland*, 509 F.2d 273 (5th Cir. 1975).

Affirmed.

---

4. Appellant does argue that the judge impermissibly prefaced this *Allen* charge by suggesting that it was approved by the American Bar Association and by stating that it was reported in a collection of practice instructions. While we disapprove of the needless reference to these authorities, we do not agree that the remarks were misleading or unduly impressive so as to constitute "plain error."

5. Reiteration of the "reasonable doubt" instruction is generally perceived as an unessential but desirable palliative to the *Allen* charge. *E. g., Pugliano v. United States*, 348 F.2d 902 (1st Cir.), *cert. denied*, 382 U.S. 939, 86 S.Ct. 390, 15 L.Ed.2d 349 (1965).