UNITED STATES of America,
Plaintiff-Appellee,

v.

Albert D. GATTO, a/k/a Dennis Gatto,
Defendant-Appellant.

No. 75–3826
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 11, 1976.

Richard K. Lublin, East Hartford, Conn., for defendant-appellant.

Robert W. Rust, U.S. Atty., Donald L. Ferguson, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Appellant Albert D. Gatto was convicted after a jury trial of conspiracy to import and importation of marijuana and hashish into the United States, in violation of 21

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

U.S.C. §§ 952, 960 (1970). He assigns the following points of error on this appeal: denial by the trial court of appellant's motions to disclose Grand Jury proceedings, for judgment of acquittal and for a new trial; and the use of inadmissible evidence at the trial.

We have carefully examined each of appellant's contentions and find them to be without merit. Appellant failed to make the requisite showing of a particularized need for inspection of the Grand Jury testimony. *See Dennis v. United States*, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); *Nolan v. United States*, 5 Cir., 1968, 395 F.2d 283; *Paz v. United States*, 5 Cir., 1972, 462 F.2d 740. In the recent case of *United States v. Rivero*, 5 Cir., 1976, 532 F.2d 450, we held that where a defendant at his trial demanded the production of the Grand Jury testimony, the trial court's refusal constituted a violation of defendant's rights under the amended Jencks Act, 18 U.S.C. § 3500(b), (e)(3) (1970), if it appeared upon examination of the Grand Jury testimony that a Government witness had in fact made Jencks Act statements. There we remanded for the trial court's *in camera* inspection of the Grand Jury testimony to determine whether a Jencks Act violation had occurred, and if so, whether that error was harmless. Such is not the case here. Appellant Gatto sought disclosure of the Grand Jury testimony prior to trial, but made no motion for the Grand Jury testimony under the Jencks Act after the testimony of any witness. A motion for Jencks Act material is appropriate only after the witness has testified at trial. 18 U.S.C. § 3500(b) (1970). Denial of a pre-trial motion for discovery does not constitute a Jencks Act violation. *United States v. Harris*, 5 Cir., 1972, 458 F.2d 670, 679, *cert. denied*, 409 U.S. 888, 93 S.Ct. 195, 34 L.Ed.2d 145 (1972).

There was abundant evidence upon which the jury could have predicated its verdict of guilt beyond a reasonable doubt, and the District Court properly denied the motions for judgment of acquittal. *See United States v. Warner*, 5 Cir., 1971, 441 F.2d 821. The motion for a new trial was based on the contention that the verdict was contrary to the evidence. No newly discovered evidence was asserted. In the interest of justice a new trial may be granted. Fed.R.Crim.P. Rule 33. However, this determination is within the sound discretion of the trial judge, and no abuse of judicial discretion has been shown. *See United States v. Jacquillon*, 5 Cir., 1972, 469 F.2d 380; *United States v. Crane*, 5 Cir., 1971, 445 F.2d 509. Appellant prevailed on his objections to inadmissible evidence, but failed to make the appropriate motions to strike. We cannot say that the trial court's failure to strike, *sua sponte*, constituted plain error, considering the gravity of the offense and the overwhelming evidence of appellant's guilt. The record in its entirety fails to show that appellant was prejudiced in any respect.

AFFIRMED.