UNITED STATES of America,
Plaintiff-Appellee,

v.

James Herbert LONG,
Defendant-Appellant.

No. 75–4283
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 3, 1976.

George H. B. Mathews, Montgomery, Ala. (Court-appointed) for defendant-appellant.

Ira DeMent, U. S. Atty., Robert C. Watson, D. Broward Segrest, Asst. U. S. Attys., Montgomery, Ala., for plaintiff-appellee.

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before BROWN, Chief Judge, and GEW-IN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant, James Herbert Long, and seven others were indicted in a seventeen count indictment for conspiracy and interstate transportation and sale of stolen motor vehicles. The first count was the conspiracy count, all the others involved substantive offenses. Appellant was named in counts one, two, four, six, and twelve. He was found guilty on all counts. He was sentenced to five years on count one, two years on count two consecutive to count one, and five years on counts four, six, and twelve to run concurrently with counts one and two.

In this appeal appellant argues that the government did not prove every element of the offenses in counts four and six; specifically, they did not prove a connection between appellant and the stolen truck in count four and the stolen Cadillac in count six. He also argues the court should have granted him a new trial because of insufficient evidence developed at trial.

Appellant has not challenged his conviction on counts one, two, or twelve. Counts two and twelve are also substantive offenses. Since the sentences on counts four, six, and twelve are concurrent with counts one and two, affirmance of any one count is sufficient to affirm the jury's judgment. Thus, the sufficiency of the evidence on counts four and six need not be considered. *United States v. Crockett*, 5 Cir. 1976, 534 F.2d 589; *Canal Zone v. Fears*, 5 Cir. 1976, 528 F.2d 641.

Appellant did not move for a judgment of acquittal at the close of the evidence; thus, the question of the sufficiency of the evidence was not preserved for appellate review absent a manifest miscarriage of justice. *United States v. Perez*, 5 Cir. 1976, 526 F.2d 859.

Appellant has not challenged the sufficiency of the evidence against him on the conspiracy count. As a conspirator, Long became responsible for substantive offenses committed in furtherance of the conspiracy whether he personally participated in them or not. *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); *United States v. Prieto*, 5 Cir. 1974, 505 F.2d 8.

When the evidence is viewed in the light most favorable to the government, there is sufficient evidence of appellant's guilt. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

Finally, appellant argues the court erred in not granting him a new trial. After appellant had been found guilty and sentenced, he filed a motion for a new trial alleging insufficient evidence to sustain the conviction which the court overruled. This allegation is without merit in light of the preceding discussion.

Appellant now claims without any prior record that in denying his request for a new trial, the court considered extraneous evidence against him. What is plain from the record at sentencing is that the Judge carefully outlined the basis for ruling that the conviction had ample basis to sustain it. Whatever other materials were before or considered by the Judge went only to his sentence. There is no basis for concluding that the Judge used any presentence information in either determining guilt or in guiding him in his judicially discretionary power to grant a new trial.

The motion for a new trial was based on the contention that the verdict was contrary to the evidence. No newly discovered evidence was asserted. Under Federal Rules of Criminal Procedure, Rule 33, a new trial may be granted in the interest of justice. However, this matter is within the sound discretion of the trial judge, and no abuse of judicial discretion has been shown. *United States v. Gatto*, 5 Cir. 1976, 533 F.2d 264; *United States v. Jacquillon*, 5 Cir. 1972, 469 F.2d 380. The jury's verdict is supported by substantial evidence.

AFFIRMED.