STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
BRUCE GREGORY HODGE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted August 7, 1978—Decided August 17, 1978.

Before Judges SEIDMAN, PRESSLER and KING.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for the appellant ,(*Ms. Ellen Shiever,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. John J. Degnan,* Attorney General of New Jersey, attorney for the respondent (*Mr. William F. Hyland,* former Attorney General of New Jersey, and *Mr. Anthony J. Parrillo,* Deputy Attorney General, of counsel).

PER CURIAM. Defendant was convicted by a jury of a charge of unlawful possession of a blackjack, in violation of *N. J. S. A.* 2A:151–41. His challenge to the conviction is predicated on two claims of error: first, that the trial judge erred in denying his motion for judgment of acquittal *n. o. v.* and second, that the trial judge committed plain error in including in his initial instructions to the jury a direction having at least the capacity to unfairly coerce it to reach unanimous agreement.

⬛ Our review of the record persuades us that both of these claims are clearly without merit. With respect to the acquittal motion, it is well settled that the standard to be applied by the trial judge is the same whether the motion is

made before or after verdict, that standard requiring denial of the motion if the trial judge concludes that the State's evidence, both direct and circumstantial viewed in its entirety and giving the State the benefit of all favorable inferences reasonably supported thereby, is sufficient to permit the jury to find guilt beyond a reasonable doubt. See, *e. g.*, *State v. Kleinwaks*, 68 *N. J.* 328, 336 (1975) ; *State v. Reyes*, 50 *N. J.* 454, 458–459 (1967). The evidence here, albeit largely circumstantial and raising sharp credibility questions, nevertheless met that standard. The facts testified to by the arresting officer, if he were to be believed, were adequate to enable the jury to conclude as it apparently did, that defendant had the blackjack in his pocket while standing outside the Trent Bar in the Trenton Mall and that upon his observation of the officer, he surreptitiously removed it therefrom, dropped it to the ground, turned, and started to walk away.

██ Defendant's appellate challenge to the judge's initial charge to the jury is equally without merit. The portion of the charge complained of was in essence an explanation to the members of the jury that they were obliged to make a conscientious attempt to reach unanimity in their verdict. It was thus a variant of the so-called dynamite or *Allen* charge,[1] typically given as a supplementary instruction after deliberations have commenced and at a point therein at which it appears that the jury might be having difficulty in reaching unanimity. Defendant does not now complain of the substance or verbiage of the instruction here and indeed, it conformed with the language and import of such an instruction approved by the Supreme Court in *State v. Williams*, 39 *N. J.* 471, 481 (1963) *cert.* den. 374 *U. S.* 855, 83 *S. Ct.* 1924, 10 *L. Ed.* 2d 1075 (1963). See also, *State v.*

---

[1]The "*Allen* charge" designation derives from the approval by the United States Supreme Court of such instructions as expressed in *Allen v. United States*, 164 *U. S.* 492, 17 *S. Ct.* 154, 41 *L. Ed.* 528 (1896).

*Hutchins,* 43 *N. J.* 85, 96 (1964); *State v. Wright,* 113
*N. J. Super.* 79, 83 (App. Div. 1971); *State v. Boiardo,* 111
*N. J. Super.* 219, 239–240 (App. Div. 1970), cert. den. 401
*U. S.* 948, 91 *S. Ct.* 931, 28 *L. Ed.* 2d 231. And see *United
States v. Fioravante,* 412 *F.* 2d 407, 415–416 (3 Cir. 1969),
cert. den. *sub nom. Panaccione v. United States,* 396 *U. S.*
837, 90 *S. Ct.* 97, 24 *L. Ed.* 2d 88 (1969). The main thrust
of defendant's challenge is the timing of the instruction,
his argument being "that an *Allen* charge should be given
only after the jury has indicated it cannot reach a verdict
or has deliberated for some period of time." We disagree
with this thesis. While the question has not heretofore been
raised in a reported case in New Jersey, it has been considered
in several of the federal circuits, all of which have approved
the giving of an *Allen* charge both initially and, as here, at
a later point during deliberations. See, *e. g., United States
v. Thomas,* 146 *U. S. App. D. C.* 101, 449 *F.* 2d 1177 (D.
C. Cir. 1971); *Government of Canal Zone v. Fears,* 528
*F.* 2d 641 (5 Cir. 1976); and *United States v. Johnson,*
139 *U. S. App. D. C.* 193, 432 *F.* 2d 626 (D. C. Cir. 1970),
cert. den. 400 *U. S.* 949, 91 *S. Ct.* 257, 27 *L. Ed.* 2d 255
(1970). It is, moreover, our view that the potential danger
to a defendant in the giving of the charge at all is substantially
minimized when the charge is included in the initial in-
struction, and we note that such inclusion is advocated by
§ 5.4(a) of the *American Bar Association Project on Mini-
mum Standards for Criminal Justice, Standards Relating to
Trial by Jury* (1968), the commentary to which explains
that

> Because the instruction contemplated in section 5.4(a) is to be
> given prior to the time the jury has retired (and thus prior to the
> time a minority has been established to exist), and because it makes
> no reference to the minority but instead charges all jurors to con-
> sult with one another, the proposed instruction does not have the
> coercive impact of the *Allen* charge. [at 147]

Thus, not only do we find that there was no plain error in

the charge (this objection was not raised below) but, further, that there was no error at all.

We have considered defendant's further arguments regarding alleged coercive conduct of the trial judge and find them to be totally without merit.

Affirmed.