584 So.2d 43 (1991)
Austin TOMLINSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 89-1878, 89-2051.
District Court of Appeal of Florida, Fourth District.
July 10, 1991.
Rehearing Denied August 26, 1991.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
WESSEL, JOHN D., Associate Judge.
Appellant was adjudged guilty of first degree murder and sentenced to life imprisonment with a twenty-five year minimum mandatory term.
Appellant raises several points on appeal. However, only one merits discussion. Appellant recounts that after the jury announced it could not reach a verdict, the Court read them the standard jury instruction for deadlocked juries and sent the jury back in to deliberate. Subsequently, the trial court, for a second time, instructed that the jury should "pray for guidance" and suggested it could take as long as six days to reach a decision. We find this second deadlock instruction was error and reverse.
The facts leading up to the initial jury instruction for deadlocked juries and the subsequent instruction are as follows. The jury announced a deadlock after eight hours of deliberation. The court read the Standard Jury Instruction charge on deadlocked juries without objection. That same day, unable to reach a unanimous decision, the jury announced, "[W]e still disagree on what the facts of the case may truly be. We have gone over every aspect of the testimony several times; we have been unsuccessful in reaching a unanimous decision on a verdict." The trial judge conferred with the attorneys. The state agreed to a mistrial. The state maintained this stance right up until the giving of the second instruction, but did not object to the given instruction. The defense urged further deliberations. The judge requested the foreman to poll the jurors as to whether the court's rereading of testimony, which the court previously denied, would affect the jury's inability to reach a unanimous decision. The foreman indicated after the poll that any rereading of testimony at this stage would not affect their inability. The trial court stated, "I have no choice but to declare a mistrial." However, at the insistence of defense counsel to not declare a mistrial, and with defendant's agreement, the jury was allowed to go home rather than be sequestered that evening. *44 Before adjourning the Court instructed the jury:
I have your last note here, `The poll of the jury indicated that reading parts of the testimony would not affect our inability to reach a unanimous decision.' I might add parenthetically, put a comma there, and say `at this time.' It's not unusual after a trial of this kind to have juries deliberate one, two, three, four, five, six, seven days. It's not unusual. I know you're discouraged that you haven't reached a verdict yet, but I know there are still avenues for discussion and for resolving any differences that may be prevalent among some jurors. And with this in mind, with the permission of both sides, I'm going to recess the trial tonight. Why don't you go home. We're going to resume deliberations tomorrow at 8:45 in the morning, so kindly be here at 8:45 in the morning and we'll give it another try again, then again, then again.
Don't discuss the merits of the case with anybody, read anything about the case, visit the scene, or allow anybody to discuss the case in your presence. Personally, what I do when I have a problem is say a prayer for guidance. That may be an absolute last resort, because you still have to follow the law in this case, but it may help you resolve some conflict in your own minds.
The following afternoon the court reconvened. Defense counsel motioned for a mistrial, claiming to have reconsidered the coercive effect of instructing the jury to further deliberate. In support, defense claimed a juror was observed crying after the reinstruction and that the court impermissibly implied in its instruction that the jurors would have to deliberate up to seven days. The Court denied the motion for mistrial. The jury continued to deliberate and requested certain testimony be reread. A guilty verdict was returned later that day.
In United States v. Seawell, 550 F.2d 1159 (9th Cir.1977), cert. denied, 439 U.S. 991, 99 S.Ct. 591, 58 L.Ed.2d 666 (1978), the Federal Court of Appeals held that reversible error was committed when a second modified Allen charge was given in response to the jury's announcement of a deadlock for a second time in their deliberations. The court noted that an Allen charge "approaches the ultimate permissible form" in its most acceptable form. Id. at 1162. "Repetition of the charge, together with rejection of the jury's second report of deadlock, is almost certain to convey the thought ... the jurors have acted contrary to the earlier instruction... ." Id. at 1163. The Court adopted a per se rule that giving an Allen charge twice is reversible error. The Court stated:
Ordinarily, the general test of whether a supplemental jury instruction is in error is to consider all the circumstances to determine if the instruction was coercive. Jenkins v. United States, 380 U.S. 445, 446, 85 S.Ct. 1059, 13 L.Ed.2d 957 (1965). Pragmatic considerations weigh against the application of this test when an Allen charge is given more than once. A case-by-case determination would provide little, if any, guidance for a trial judge. Defendants would also face insurmountable difficulties in attempting to show prejudice. A single Allen charge, without more, stands at the brink of impermissible coercion. We believe that the protection of a defendant's right to an impartial jury compels a per se rule. Such a rule is not at odds with prior decisions of this court or other courts of appeals. We conclude that as a sound rule of practice it is reversible error to repeat an Allen charge in a federal prosecution in this circuit after a jury has reported itself deadlocked and has not itself requested a repetition of the instruction (footnotes omitted).
Id.
We acknowledge that at least one other federal circuit has refused to adopt the per se approach. In United States v. Fossler, 597 F.2d 478, 485 (5th Cir.1979), the court applied a "totality of circumstances" test and rejected the Seawell per se rule:
In Seawell, the Court was faced with a direct criminal appeal from a conviction *45 obtained after an Allen [v. United States, 164 U.S. 492, 41 L.Ed. 528 (1896)] charge had been repeated. The jury had not requested a repetition of the instruction and defense counsel had made timely objections. The Court elected, on the basis of their supervisory powers, to adopt a per se rule, `conclud[ing] that as a sound rule of practice it is reversible error to repeat an Allen charge in a federal prosecution in [the Ninth] circuit after a jury has reported itself deadlocked and has not itself requested a repetition of the instruction.' 550 F.2d at 1163.
We do not elect to adopt such a per se rule. We opt instead to continue the practice of assessing the impact of the judge's statements in light of his language and the facts and circumstances which formed their context, just as we have previously done in evaluating the effect of a single Allen charge. See Government of Canal Zone v. Fears, 528 F.2d 641, 642 (5th Cir.1976), citing Jenkins v. United States, 380 U.S. 445, 85 S.Ct., 1059, 13 L.Ed.2d 957 (1965).
Although there is a dearth of authority on this issue in Florida, the recent case of Warren v. State, 498 So.2d 472 (Fla. 3rd DCA 1986) is remarkably similar to the actual scenario present here. Warren concluded as follows that it was fundamental error to deviate from the standard jury deadlock instruction:
Based on the totality of the circumstances present here, we believe the trial court's deviations from the standard jury charge on a deadlocked jury went to the very foundations of this case such as to constitute a fundamental error. This is so because the comments complained of infected the very integrity of the factfinding process in that the trial judge (a) stated, over and over again, that she wanted a verdict in the cause, and (b) emphasized the needless cost involved in retrying the case in the event of a hung jury  both of which are strictly forbidden comments in an "Allen" charge under Florida law. By doing so, we believe the trial court may have unwittingly led one or more jurors to capitulate against his or her conscientious judgment and to return a unanimous verdict in the cause as the trial court desired.
Id. at 477-478.
We adopt the per se approach as correct and express agreement with the rationale in Seawell and Warren. We hold that it was fundamental error for the trial court herein to send the jury back for deliberations, after it announced a second deadlock, with the instruction given. We reverse appellant's conviction and sentence for first-degree murder and remand this case for a new trial.
WALDEN, Senior Judge, concurs.
DOWNEY, J., concurring specially, with opinion.
DOWNEY, Judge, concurring specially,
I concur in the result reached by the majority only.