**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 7, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30117
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADEDIPUPO ADENODI, also known as Felix,
doing business as AAA Used Auto Sales,
doing business as AAA Used Cars,
doing business as AAA Used Auto's,
doing business as Triple AAA,
doing business as Triple A Used Cars;
SUNDAY ADEOSHUN, also  known as Sunny,
doing business as AAA Used Auto Sales,
doing business as AAA Used Cars,
doing business as AAA Used Auto's,
doing business as Triple AAA,
doing business as Triple A Used Cars,

Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Eastern District of Louisiana
(01-CR-13-3)
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Adedipupo Adenodi and Sunday Adeoshun

were convicted of conspiracy to sell stolen vehicles that crossed

---

[*]

Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state lines, to commit mail fraud, and to alter vehicle identification numbers; mail fraud; and selling stolen vehicles. The district court sentenced Adenodi to 24 months in prison and Adeoshun to 27 months in prison. Each defendant was also sentenced to a three-year term of supervised release. Adenodi and Adeoshun now challenge their convictions and sentences.

Adeoshun and Adenodi contend that the district court reversibly erred by informing the venire that they were not United States citizens. Because Adeoshun and Adenodi did not object to the disputed remark, we review this claim for plain error only. See United States v. Taylor, 513 F.2d 70, 72 (5th Cir. 1975). Far from being improper, the apparent purpose of this statement to the venire was to ensure that any jurors who did hold the defendants' citizenship, or lack thereof, against them did not sit on the jury. This remark was thus proper. See United States v. Garcia, 86 F.3d 394, 402 (5th Cir. 1991); see also United States v. Quiroz-Hernandez, 48 F.3d 858, 868 (5th Cir. 1995).

The appellants also challenge the sufficiency of the evidence. They argue that the Government failed to prove that they knowingly engaged in activities involving stolen cars. When considering a sufficiency challenge, the pertinent inquiry is "whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt." United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). In conducting this analysis, we "consider[s] the evidence

2

in the light most favorable to the government, drawing all reasonable inferences and credibility choices made in support of the verdict." Id.

When viewed in the light most favorable to the Government, the extensive documentary and testimonial evidence adduced at trial was sufficient to prove the appellants' knowing participation in a conspiracy to alter vehicle identification numbers, sell stolen cars, and commit mail fraud. This evidence was likewise sufficient to prove that the defendants knowingly sold stolen cars and committed mail fraud.

To the extent that the appellants argue that the evidence was not sufficient to support their convictions because the jury should not have believed certain Government witnesses, they cannot prevail. We will not substitute our own determination of credibility based on a cold record for that of the jury which saw the witnesses and heard the testimony firsthand. United States v. Martinez, 975 F.2d 159, 161 (5th Cir. 1992). Adeoshun and Adenodi have not shown that the evidence was insufficient to support their convictions.

The appellants contend further that the prosecutor committed reversible error when he commented, during closing arguments, that the jurors could not acquit the defendants. In reviewing a claim of prosecutorial misconduct in the form of an improper remark, we consider whether the remark "prejudiced the defendant's substantive

rights." United States v. Munoz, 150 F.3d 401, 415 (5th Cir. 1998).

The disputed remark was likely not even improper. Rather, it can fairly be read as an attempt to assist the jury in "analyzing, evaluating, and applying the evidence," which are proper functions of the prosecution's closing argument. United States v. Binker, 795 F.2d 1218, 1224 (5th Cir. 1986). Additionally, even if the remark was improper, the appellants still have not shown that it entitles them to have their convictions reversed, especially in light of the substantial evidence against them and the district court's repeated admonitions to the jury.

The appellants next contend that the district court reversibly erred in instructing the jury on the effect of the appellants' Fifth Amendment right to silence. We review this issue only to determine if the allegedly improper instruction could have meant the difference between acquittal and conviction. United States v. Anderson, 987 F.2d 251, 256 (5th Cir. 1993). The disputed instruction is, at most, ambiguous, and our review of the record convinces us that it did not alter the outcome of the trial. The appellants have not shown that they are entitled to have their convictions reversed based on the district court's instructions to the jury on the right against self-incrimination.

Adeoshun and Adenodi argue further that the district court erred in denying their requests for downward adjustments to their offense levels based on their purportedly minimal roles in the

4

offense. The district court's refusal to grant a defendant this downward adjustment is entitled to great deference. See United States v. Devine, 934 F.2d 1325, 1340 (5th Cir. 1991). Adeoshun and Adenodi have not shown that their involvement in the conspiracy underlying their convictions was "peripheral." See United States v. Miranda, 248 F.3d 434, 446-47 (5th Cir. 2001), cert. denied, 534 U.S. 980 (2001) and 534 U.S. 1086 (2002). Accordingly, they have not shown that the district court erred in denying them this adjustment.

In addition, Adenodi contends that the district court erred in denying his objection to the two-point adjustment he received for being in the business of buying and selling stolen vehicles. As his argument on this issue amounts to no more than a conclusional assertion, he has not shown that the district court erred in overruling this objection. See United States v. Londono, 285 F.3d 348, 355 (5th Cir. 2002).

Finally, Adenodi advances that the district court erred in denying his motion for a downward departure. There is no indication that the district court denied this request based on a mistaken belief that the guidelines did not permit such a departure. Accordingly, the district court's denial of Adenodi's request for a downward departure is unreviewable. See United States v. Wilson, 249 F.3d 366, 380 (5th Cir. 2001).

Adeoshun and Adenodi have shown no error in connection with their convictions and sentences.  Accordingly, the judgments of the district court are AFFIRMED.