PER CURIAM.
The defendant, Marco McBurrows, appeals his convictions for possession of cocaine, possession of drug paraphernalia, resisting an officer without violence, and driving with a suspended license. He raises two issues on appeal. First, he argues that the trial court committed fundamental error by not declaring a mistrial after the jury twice informed the court that it was unable to reach a unanimous verdict on two of the four counts. Second, he argues that section 893.101, Florida Statutes (2002), is facially unconstitutional. We affirm on both issues.
The defendant’s criminal charges arose from a traffic stop for running a stop sign. When an officer approached him, the defendant fled on foot to a nearby field. The officer observed him throw a cigarette box on the ground as he pursued him. The defendant struggled with the officer when he tried to handcuff him. After the defendant was placed in custody, officers recovered the cigarette box. Inside the cigarette box were rock cocaine and a pipe, which tested positive for cocaine.
At the close of trial, the jury began its deliberations. Two hours into its deliberations, the jury informed the trial court that it was deadlocked on two of the four charges. The trial court gave the jury a modified Allen[1] charge and instructed the jurors to continue with their deliberations. Shortly thereafter, the jury informed the court it was still having trouble reaching a verdict. The trial court asked the parties whether it should give the jury the Allen charge or bring the jury back the next day and give the charge. Defense counsel said that the defense would prefer to have the jurors come back the next day. Rather than give another Allen charge, the trial court sent the jury home for the evening.
The next morning, the jury immediately informed the court that it wished to have testimony read back to them. The jury returned a verdict of guilty on all counts after hearing the read-back of the requested testimony.
We reject the defendant’s argument that the trial court fundamentally erred by ordering the jury to deliberate after the jury informed the trial court twice that they were unable to reach unanimous verdicts on two of the four courts. We have previously held that it is fundamental error to give a second Allen charge after a jury informs the trial court that it is irreversibly deadlocked on an issue. Tomlinson v. State, 584 So.2d 43, 45 (Fla. 4th DCA 1991). However, in this case, only one Allen charge was given. A trial court is not required to immediately give *464 an Allen charge in response to a jury’s declaration of deadlock. Washington v. State, 758 So.2d 1148, 1154 (Fla. 4th DCA 2000). Instead, a court may exercise its discretion by choosing to “delay the giving of the Allen charge for a short time to allow the jurors an opportunity for further discussion without intervention or direction from the court.” Id. Similarly, a trial court may exercise its discretion by choosing not to immediately declare a mistrial after a jury, having already received an Allen charge, informs the court that it is still deadlocked on an issue. As noted in Tomlinson, the trial court may not demand that the jury continue deliberating, but it may sit in silence and wait a reasonable amount of time for the Allen charge to take effect before declaring a mistrial.[2] See Nottage v. State, 15 So.3d 46, 50 (Fla. 3d DCA 2009) (“[W]e are urged again to declare that an overnight recess alone, after an Allen charge, constitutes reversible error, a rule we decline to adopt.”).
We also reject the defendant’s argument that statutory provisions in sections 893.101(2) and (3), Florida Statutes (2002) are facially unconstitutional because they eliminate the element of mens rea. State v. Adkins, 96 So.3d 412, 2012 WL 2849485 (Fla.2012) (“Here, the Legislature’s decision to make the absence of knowledge of the illicit nature of the controlled substance an affirmative defense is constitutional.”).

Affirmed.

TAYLOR, HAZOURI and LEVINE, JJ., concur.

. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

. The defendant argues that language in Rubi v. State, 952 So.2d 630, 633-34 (Fla. 4th DCA 2007), mandates a reversal in this situation. However, Rubí involved a court's issuance of two Allen charges after two declarations of deadlock, a situation that did not occur in the instant case.