UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-5025

TAWAN ANTONIO CAMPBELL,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-96-65-S)

Submitted: July 31, 1998

Decided: August 25, 1998

Before WIDENER and LUTTIG, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Geoffrey R. Garinther, Corie W. Godine, VENABLE, BAETJER &
HOWARD, L.L.P., Towson, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, James G. Warwick, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Police officers stopped Tawan Antonio Campbell for committing a traffic violation.**1** The officers discovered that Campbell was driving without a license, so they arrested him and conducted a search of Campbell's clothing and the vehicle. The officers found a loaded .38 caliber revolver in Campbell's coat pocket, a .38 caliber pistol between the driver's seat and the door, and a third gun in the back of the automobile.

The Government indicted Campbell on a charge of being a felon in possession of a firearm in violation of 18 U.S.C.§ 922(g)(1) (1994), based on the .38 caliber revolver in his coat pocket. Campbell pled guilty, but moved to withdraw his guilty plea when he appeared for sentencing. The district court granted the motion, and Campbell proceeded to a trial by jury. Prior to trial Campbell's attorney filed a motion in limine to prevent the Government from introducing evidence of the other two firearms retrieved from Campbell's vehicle. The district court granted the motion even though the Government argued that the evidence would be necessary at trial if Campbell placed at issue his knowledge or intent with regard to the firearm found in his coat pocket.

At trial, Campbell based his defense on the fact that he did not know the weapon was in his coat pocket. Campbell contended that he borrowed the coat from another person just prior to the traffic stop, and counsel argued that if Campbell had known the weapon was in his pocket, he would have removed it and tried to hide it under the seat of the vehicle. The jury was unable to reach an unanimous verdict, so the district court declared a mistrial.

_____

**1** Campbell was driving the vehicle, and there were four other passengers who were released by the officers.

2

After the mistrial, the Government sought to strengthen its case and to counter Campbell's lack of knowledge or intent defense. Accordingly, the Government obtained a superseding indictment charging Campbell with two counts of being a felon in possession of a firearm for carrying the firearm in his coat pocket and for carrying the firearm between the driver's seat and the door of the vehicle. Campbell moved to dismiss the second count or, in the alternative, to have separate trials on each count. The district court denied the motion. After the second jury trial, Campbell was convicted of the count relating to the firearm in his coat pocket and acquitted of the count involving the firearm found beside his seat in the vehicle. The district court sentenced Campbell as an armed career criminal to 190 months' imprisonment. Campbell timely noted an appeal from the district court's order.

On appeal, Campbell contends that the district court erred when it denied his motion to dismiss or sever the two counts in the superseding indictment. He contends that the Government's decision to add the additional charge after the judge declared a mistrial raises a presumption of prosecutorial vindictiveness. He also alleges that the district court prematurely gave the jury an Allen **2** charge, and that the premature charge, combined with the denial of the motion to dismiss or sever, resulted in a compromise verdict. Finally, Campbell challenges whether the Government should have been permitted to use the superseding indictment to introduce the evidence of the other two guns, which the district court had ruled inadmissible before the first trial. Finding no error, we affirm.

Campbell moved to dismiss or sever the counts in the superseding indictment on the basis that the Government engaged in prosecutorial vindictiveness by adding the additional charge after the district judge declared a mistrial. We review the district court's findings of fact regarding prosecutorial vindictiveness for an abuse of discretion. See United States v. Fiel, 35 F.3d 997, 1007 (4th Cir. 1994).

Prosecutorial vindictiveness deprives an accused of his right to due process by retaliating against him for the exercise of a constitutional or statutory right. See United States v. Goodwin , 457 U.S. 368, 378

_____

**2 Allen v. United States**, 164 U.S. 492 (1896).

3

(1982). A presumption of prosecutorial vindictiveness arises in "certain cases where detrimental action was taken against the defendant by the government immediately following [his] exercise of a right." See Fiel, 35 F.3d at 1007 (citing Goodwin , 457 U.S. at 373). To show that he was the victim of prosecutorial vindictiveness, Campbell would have to show a "reasonable likelihood" that the Government had a vindictive motive; if he cannot make such a showing, the burden remains on him to establish "actual" vindictiveness by the prosecutor. See United States v. Mabry, 953 F.2d 127, 133 (4th Cir. 1991).

When a jury is deadlocked and both parties agree that a mistrial is necessary, courts have found that there is no realistic likelihood of vindictiveness based on the mere fact of reindictment. See Fiel, 35 F.3d at 1007-08 (citing United States v. Whaley , 830 F.2d 1469, 1477 (7th Cir. 1987)); United States v. Doran, 882 F.2d 1511, 1520 (10th Cir. 1989) (noting that "where the mistrial occurs for neutral reasons, such as a hung jury, and without objection from the prosecution, there is no reason why the prosecutor would consider the defendant responsible for the need for a new trial"). The jury in Campbell's first case was unable to reach an unanimous verdict, so the district judge declared a mistrial. After the mistrial, the Government reindicted Campbell and added the additional charge. However, because the mistrial occurred for a neutral reason, there is no reason to presume that the prosecutor blamed Campbell for the need for a new trial. See id. Thus, we find that the district court did not abuse its discretion in concluding that there was no realistic likelihood of vindictiveness arising from the change in the indictment. See Fiel, 35 F.3d at 1007. Moreover, because Campbell failed to establish that the reindictment was motivated by prosecutorial vindictiveness, we find that the district court properly denied the motion to dismiss or sever the counts in the superseding indictment.[3]

_____

[3] We find that the district court did not abuse its discretion in denying the severance portion of the motion in light of the fact that Campbell failed to establish that he was denied a fair trial or that he was prejudiced from the denial of severance. See United States v. Clark, 928 F.2d 639, 644-45 (4th Cir. 1991); United States v. Chorman , 910 F.2d 102, 114 (4th Cir. 1990).

4

Next, Campbell contends that the district court prematurely gave an Allen charge to the jury, and that the premature instruction, combined with the denial of the request to dismiss or sever, resulted in a compromise verdict. After almost three and one half hours of deliberation, the jury notified the court that it could not reach a verdict. The district judge gave the Allen charge and encouraged the jurors to continue deliberating. The jurors deliberated for about another half hour and then went home for the day. The jurors continued deliberations the next morning for approximately two hours and twenty minutes before finally reaching a verdict.

This court reviews the giving of an Allen charge for an abuse of discretion. See United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992). When determining whether an Allen charge had an impermissibly coercive effect on jury deliberations, we consider the content of the instruction as well as the context. See Jenkins v. United States, 380 U.S. 445, 446 (1965); United States v. Webb , 816 F.2d 1263, 1266 (8th Cir. 1987) (look to content, length of deliberations following instruction, total time of deliberations, and indicia of coercion). Campbell does not challenge the content of the instruction, and the fact that the jury deliberated for almost three and one half hours before the charge and three additional hours after receiving the charge suggests that the jurors were not unduly influenced. See Russell, 971 F.2d at 1108 (finding three hours of deliberations after charge evidence that jury not coerced). Because Campbell points to no other indicia of coercion, we find no abuse of discretion in the trial court's action. See id. at 1107. Furthermore, Campbell provides no evidence that the verdict was a compromise. He asserts that the verdict was inconsistent because he was found guilty on one charge and acquitted on the other; however, inconsistent verdicts provide no basis for vacating a verdict or ordering a new trial. See United States v. Powell, 469 U.S. 57, 64-65 (1984).

Finally, Campbell challenges whether the Government should have been permitted to use the superseding indictment to introduce the evidence of the other two guns, which the district court had ruled inadmissible in the first trial. Because Campbell based his defense on lack of knowledge of the firearm and lack of intent to possess it, we find that it was proper for the Government to reindict Campbell, adding the additional charge, and to introduce evidence of the other firearms

5

found in the vehicle. <u>See Bordenkircher v. Hayes</u>, 434 U.S. 357, 364 (1978) (when acting on probable cause, government generally has unfettered discretion in decision to prosecute); <u>United States v. Hadaway</u>, 681 F.2d 214, 218 (4th Cir. 1982); <u>see also</u> Fed. R. Evid. 404(b).

We affirm the district court's denial of Campbell's motion to dismiss or sever, and we affirm Campbell's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6