## JENKINS *v.* UNITED STATES.

No. 761.   Argued April 1, 1965.—Decided April 5, 1965.

*H. Thomas Sisk* argued the cause for petitioner.   With him on the brief were *M. Michael Cramer* and *David B. Isbell.*

*Philip B. Heymann* argued the cause for the United States.   On the brief were *Solicitor General Cox, Assistant Attorney General Miller* and *Philip R. Monahan.*

PER CURIAM.

Petitioner was charged in a two-count indictment in the United States District Court for the District of Columbia with robbing a High's Dairy Products store on December 27, 1962 (count 1), and with assault with intent to rob upon the proprietress of a grocery store on January 24, 1963 (count 2), in violation of §§ 22–2901 and 22–501, respectively, of the District of Columbia Code.   Following a trial by jury, he was found guilty on count 1 and not guilty on count 2.   He was sentenced to imprisonment for from 3 to 10 years.   A divided Court of Appeals affirmed the conviction, 117 U. S. App. D. C. 346, 330 F. 2d 220.   A petition for rehearing *en banc* was denied, four judges dissenting.

Slightly more than two hours after the jury retired to deliberate, the jury sent a note to the trial judge advising that it had been unable to agree upon a verdict "on both counts because of insufficient evidence." The judge thereupon recalled the jury to the courtroom and in the course of his response stated that "You have got to reach a decision in this case." We granted certiorari, 379 U. S. 944, to consider whether in its context and under all the circumstances of this case the statement was coercive. The Solicitor General in his brief in this Court stated:

"Of course, if this Court should conclude that the judge's statement had the coercive effect attributed to it, the judgment should be reversed and the cause remanded for a new trial; the principle that jurors may not be coerced into surrendering views conscientiously held is so clear as to require no elaboration."

Upon review of the record, we conclude that in its context and under all the circumstances the judge's statement had the coercive effect attributed to it. Accordingly the judgment of the Court of Appeals is reversed and the cause remanded for a new trial. Cf. *Brasfield* v. *United States*, 272 U. S. 448, 450; *Burton* v. *United States*, 196 U. S. 283, 307–308; *United States* v. *Rogers*, 289 F. 2d 433, 435 (C. A. 4th Cir.)

*It is so ordered.*

MR. JUSTICE CLARK and MR. JUSTICE HARLAN dissent.