953 F.2d 1384
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Robert HAMLIN, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 91-5538.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1992.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Hamlin's application for a writ of habeas corpus was denied in the district court. The only issue on appeal, as it was in the district court, is whether a sua sponte Allen[1]-type charge given to the jury deprived Hamlin of a fair trial. Applying a totality of the circumstances test[2] and our holding in Williams v. Parke, 741 F.2d 847 (6th Cir.1984), cert. denied, 470 U.S. 1029 (1985), we conclude that the district judge properly denied the petition for a writ of habeas corpus.
 
 I.
 
 2
 A Kenton County, Kentucky, Circuit Court jury found Hamlin guilty of the crime of incest. Petitioner's trial had ended on December 23, 1986, and at 12:30 p.m. the court charged the jury. The jury retired to deliberate at 1:20 p.m. At 2:25 p.m., the jury sent out a note asking to review certain testimony. The trial judge had the court reporter read the testimony requested and the jury resumed its deliberations. At 4:30 p.m., the jury was still deliberating and the trial judge addressed counsel as follows:
 
 
 3
 THE COURT: The jury has been out three hours, and they've heard testimony repeated to them. I'm going to bring them out and inquire to see how they stand, without knowing how they voted, and see whether with a little more time they could possibly reach a verdict.
 
 
 4
 MR. RICHARDSON: Does the court intend to give an Allen charge?
 
 
 5
 THE COURT: No, no. The most you can do is encourage them to keep considering, talk and listen. Let the record show the defendant is present and all counsel.
 
 
 6
 (Tr.Vol. II, p. 267). The jury was brought in and the following occurred:
 
 
 7
 THE COURT: ... I wanted to inquire since you have all been out discussing this case since about 1:30, that's three hours, less the time you were back listening to testimony. Has the jury reached a decision?
 
 
 8
 MS. DEWEY: No, sir.
 
 
 9
 THE COURT: O.K. I don't want to know how anybody votes or how many voted guilty or how many voted not guilty. I don't want to know that, but I would like to know the division of the jury in this respect, six to six, seven/five, whatever the combination is, if you know. That's the only thing I want to know.
 
 
 10
 MS. DEWEY: Nine/three.
 
 
 11
 THE COURT: That's fine. Do you believe with a little more time and a little more consideration that the jury could possibly reach a verdict in this case?
 
 
 12
 A JUROR: I don't know myself. It is possible.
 
 
 13
 THE COURT: I don't want to be premature by bringing you out, but I wanted to inquire of you as a body how you stood, and how you are doing, because, you know, you have had a lot of time to discuss, and you've all heard the evidence, you know, and it is not my place to say you have to make a decision. Never. It is your decision to make if you can, you know, and if you can't, you can't. So let me say this to you very briefly, you know. These attorneys and myself, you have been chosen to hear this case, you know, out of the large panel that was here, and you are a good body to hear the case. You have heard all of the evidence. It takes time and it takes money to try a case. A juror in the jury room in making a decision has some obligation to talk about what he thinks about the case, and to listen and to consider what others say about the case. I didn't say anything more than listen and consider, or talk to express your viewpoints. Whatever decision you all reach individually and as a body, has to be your individual decisions and your decision as a body. If you think a little more time would be fruitful, give it a try. O.K. Fine. You all can go back in the jury room and keep considering. Appreciate your efforts.
 
 
 14
 (Tr.Vol. II, pp. 268-69). No objection was made by the defendant to these proceedings.
 
 
 15
 The jury again retired for further deliberations, and at 4:55 p.m. bought back a guilty verdict.
 
 II.
 
 16
 The district judge referred this case to a magistrate for a report and recommendation. The magistrate carefully considered petitioner's arguments and recommended denial of the petition. (App. at 82-90). Objections were filed by the petitioner and the district judge found the objections to be lacking in merit and adopted the recommendation of the magistrate to dismiss. Judge Bertelsman also relied on our earlier decision in Williams v. Parke, 741 F.2d 847 (6th Cir.1984), cert. denied, 470 U.S. 1029 (1985). The judge stated
 
 
 17
 [t]hat the Report and Recommendation be, and it is, hereby ADOPTED as the findings of fact and conclusions of law of the court, with the additional findings: (a) the facts of this case are virtually identical to the circumstances in Williams v. Parke, 741 F.2d 847 (6th Cir.1984), cert. denied, 470 U.S. 1029 (1985), where the court held that the Allen charge was not sufficiently coercive to warrant habeas relief, see also Travis v. Foltz, 779 F.2d 53 (6th [Cir.] 1985) (unpublished) (finding that an Allen charge given sua sponte in the absence of an impasse, but where the trial judge could have reasonably concluded that assistance was necessary, was not coercive)....
 
 
 18
 (App. at 130).
 
 
 19
 Seldom are two cases ever identical, but as the district judge noted, this case and Williams are about as close as you can get. Williams was not a unanimous decision. Judge Contie wrote a thoughtful dissent and, although some of the concerns expressed in the dissent are relevant here, on balance, we conclude that Hamlin was not denied a fair trial. The decision the jury had to make in this case was essentially one revolving around credibility. The petitioner and his girlfriend testified to one version of the events in question and the victim and one of her friends gave a substantially different version. No motivation was shown by the victim to falsify a story as sordid as this one. The general circumstances surrounding the event also corroborated the victim's version of what occurred. The trial was brief, there was no complicated or technical evidence to mull over, and, applying a totality of the circumstances test, we do not feel that the jury was coerced in any way by what the judge said. Although they indicated a numerical split when questioned, they had given no indication of being deadlocked.
 
 
 20
 Although voicing our disapproval of the way the state trial judge proceeded, we nonetheless AFFIRM.
 
 
 
 [1]
 Allen v. United States, 164 U.S. 492 (1896)
 
 
 [2]
 See Jenkins v. United States, 380 U.S. 445, 446 (1965)