8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Yusuf D. REEVES, Defendant-Appellant.
 No. 92-30454.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 2, 1993.
Decided Oct. 4, 1993.
 
 1
 Appeal from the United States District Court for the Eastern District of Washington; No. CR-92-124-01-JLQ, Justin L. Quackenbush, Chief District Judge, Presiding.
 
 
 2
 E.D.Wash.
 
 
 3
 AFFIRMED.
 
 
 4
 MEMORANDUM*
 
 
 5
 Yusuf Reeves appeals his conviction for violating 18 U.S.C. § 922(g)(1). We address his arguments about the briefcase search in a separate, published opinion. Here, we affirm the district court's denial of his motions for mistrial and for a new trial.
 
 I. FACTS
 
 6
 The trial began on August 10, 1992. Jury deliberations began on August 11. In the late afternoon of August 12, the jury sent the court a note indicating a deadlock at 11 to 1. The court instructed the jury as permitted by Allen v. United States, 164 U.S. 492 (1896), using modified language requested by defense counsel. Ten minutes later the jury returned a verdict of guilty. Reeves moved for a mistrial, or a new trial. The district court denied the motion.
 
 II. DISCUSSION
 
 7
 We review for abuse of discretion the denial of motions for a mistrial, United States v. Davis, 932 F.2d 752, 761 (9th Cir.1991), and for a new trial, United States v. Aichele, 942 F.2d 761, 765 (9th Cir.1991).
 
 
 8
 We examine an Allen charge " 'in its context and under all the circumstances' to see if it had a coercive effect upon the jury." United States v. Beattie, 613 F.2d 762, 764 (9th Cir.1980) (quoting Jenkins v. United States, 380 U.S. 445, 446 (1965)). We note that the charge was not impermissibly premature. See id. The jury had expressly told the court that it was deadlocked.
 
 
 9
 The four prevailing circumstantial indicators of verdict coercion from an Allen charge are:
 
 
 10
 (1) whether the content of the charge given was more coercive than that approved of in Allen;
 
 
 11
 (2) how long the jury deliberated after receiving the charge before returning its verdict;
 
 
 12
 (3) the total amount of time the jury deliberated on the case, both before and after receiving the charge; and
 
 
 13
 (4) other indicia of coerciveness.
 
 
 14
 Id. at 765-66; United States v. Wauneka, 842 F.2d 1083, 1088 (9th Cir.1988).
 
 
 15
 The charge given was less coercive than that approved in Allen, and Reeves' attorney requested and was granted modifications to the charge before it was given. There was no other objection to the charge or the form of it. The charge as read exhaustively reminded the jurors that they were not required to surrender their positions to majority will.
 
 
 16
 Nor does the total deliberation time indicate that the charge was coercive. The issues in the case were factually simple. The trial took but a day, and the jury deliberated about a day, which was not unduly short. See Beattie, 613 F.2d at 765 (jury deliberation of eight hours following four-day trial not too short).
 
 
 17
 The record does not otherwise indicate that the charge was coercive. The judge knew of the division among the jurors, but did not know which juror was in the minority. Obviously, the charge was not directed toward a specific juror. Cf. United States v. Ajiboye, 961 F.2d 892, 894 (9th Cir.1992) (three holdout jurors could not interpret Allen charge directed at them because judge did not know who they were).
 
 
 18
 That the jury deliberated only another ten minutes tells us nothing. Time alone is not dispositive. Beattie, 613 F.2d at 765. Considering the length of time the jury deliberated before sending its note to the court, the simplicity of the factual issues involved, and the tenor of the charge given, the short time between charge and verdict does not necessarily indicate the charge coerced the verdict. It could indicate that the charge was appropriate, served the purpose and prompted all jurors to reexamine previous deliberations with a fresh, open mind.
 
 
 19
 Because the Allen charge did not impermissibly coerce the jury, the district court did not err in denying Reeves' motions for a mistrial and new trial.
 
 
 20
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3