43 F.3d 712
 310 U.S.App.D.C. 61
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Anthony L. HARRIS, Appellant.
 No. 93-3143.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 10, 1994.
 
 Before: WILLIAMS, GINSBURG and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.R. 36(b).
 
 
 2
 Appellant challenges his conviction for possession of cocaine base with intent to distribute on the grounds that the district court committed plain error, see Fed.R.Crim.P. 52(b), in two ways: (1) by admitting, in violation of Fed.R.Evid. 704(b), expert testimony that "a person" who possesses (as the evidence showed defendant to possess) a nine-millimeter gun loaded with 15 rounds, and 72 grams of crack cocaine, packaged in 11 ziplock bags, with a total street value of more than $9,000 possesses the cocaine "with intent to distribute"; and (2) by making allegedly coercive remarks to a dissenting juror after a jury poll, thus invading the province of the jury.
 
 
 3
 Assuming that it was obvious error to admit expert testimony in the form of opinions as to the intent of the person who possessed the cocaine base in exactly the manner that the evidence showed defendant to have possessed such drugs, see United States v. Williams, 980 F.2d 1463 (D.C.Cir.1992), we conclude that defendant has failed to establish the other requirement for "plain error", namely that the error "affected the outcome of the District Court proceedings", United States v. Olano, 113 S.Ct. 1770, 1778 (1993) (also noting that defendant has burden of persuasion as to prejudice). The jury was presented with ample evidence other than the portions of the expert's opinion excludable under Rule 704(b) virtually compelling the conclusion that if the defendant possessed the drugs as shown by the evidence, and as necessarily found by the jury, he did so with the requisite intent to distribute. In addition to testimony associating appellant with a loaded gun and several bags of cocaine, testimony was admitted that the defendant was carrying on his person or in his car a beeper and a total of about $14,000 in cash (accompanied by an explanation of the cash on defendant's behalf that the jury's verdict almost certainly rejected).
 
 
 4
 Appellant has also failed to demonstrate that any of the district judge's comments during or after the jury polling were coercive. In the course of returning the jury to the jury room to continue its deliberations after a juror responded to the poll with the statement that she "did not agree with everything they said," the judge remarked that "apparently a unanimous decision has not been reached in this case, although ... there appear to be eleven initials signed" on the verdict form. Taken "in its context and under all the circumstances," Jenkins v. United States, 380 U.S. 445, 446 (1965) (per curiam), these remarks appear entirely benign, demonstrating not displeasure with the juror but only some confusion as to whether there was any dissent at all.
 
 Accordingly, it is
 
 5
 ORDERED and ADJUDGED that the district court's judgment from which this appeal is taken be affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(1).