**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4276

ADRIAN MAURICE HUDGINS,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Joseph Robert Goodwin, District Judge.
(CR-96-181)

Submitted: October 28, 1997

Decided: December 10, 1997

Before WILLIAMS and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, George H. Lancaster, Jr.,
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, John L. File,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Adrian Hudgins, an inmate at FCI-Beckley, appeals his conviction for the possession of a prohibited object by a federal inmate, in violation of 18 U.S.C.A. § 1791(a)(2) (West Supp. 1997). On appeal, Hudgins asserts that the district court unduly coerced the jury to reach a guilty verdict by not including in its <u>Allen</u> * instruction a reminder that the United States must prove the defendant's guilt beyond a reasonable doubt. We affirm.

After the Government presented its case-in-chief and the defense rested without presenting evidence, the district court instructed the jury, <u>inter alia</u>, that it should consider the court's instructions as a whole and that the United States had the burden of proving the defendant's guilt beyond a reasonable doubt. During deliberations, the jury sent a note to the court requesting a diagram of the recreation yard and a transcript of Stewart's testimony. The district court denied the request. Deliberations continued the following day, and the jury sent another note to the court stating that they were unable to make a unanimous decision. After consulting with counsel, the court gave the jury a modified <u>Allen</u> instruction, which provides, in relevant part:

> As the Court previously instructed you, in order to return a verdict as to the defendant in this case, each juror must agree to it. And, so, the verdict must be unanimous.
>
> Justice through trial by jury must always depend upon each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors and to arrive

_____

*<u>Allen v. United States</u>, 164 U.S. 492 (1896) (approving the trial court's admonishment to a deadlocked jury to make an additional effort to reach a verdict).

2

at a verdict by applying the same rules of law as given in the instructions of the Court.

In your deliberations, in considering your verdict, you have a duty to consult with one another and to deliberate with a view to reaching an agreement if it can be done without sacrifice of each juror's individual judgment and conscientious conviction.

Although each of you must decide the case for yourself, that should only be done after impartial consideration of the evidence with your fellow jurors.

Again, . . . I remind you that in the course of your deliberations, each of you should not hesitate to re-examine your own views and change your opinion if convinced it's erroneous.

Each of you in the minority, if there is one, should reconsider your views in light of the opinions of the majority. Conversely, each juror in the majority, if there is one, should reconsider your views in light of the opinions of the minority.

Of course, none of you should surrender an honest conviction as to the weight or effect of the evidence solely for the mere purpose of arriving at a verdict. The jury, in determining the facts, is to do so only from a fair consideration of the evidence, the evidence you heard from the witness stand and the exhibits that are part of the evidence, and not from anything else. The evidence should be considered and viewed by you in the light of your own observations and experiences in the ordinary affairs of life.

. . . .

Of course, both the accused and the public expect that you will carefully and impartially consider all the evidence in the case and follow the law as stated by the Court.

3

(J.A. 132-35). The jury resumed its deliberations and returned a verdict of guilty approximately two and one half hours later.

A district court's decision to give an Allen charge and the content of the charge are reviewed for abuse of discretion. See United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995). In determining whether an Allen charge has an impermissibly coercive effect on jury deliberations, we consider the content of the instruction as well as the context. See Jenkins v. United States, 380 U.S. 445, 446 (1965); United States v. Webb, 816 F.2d 1263, 1266 (8th Cir. 1987) (examine content, length of deliberations following instruction, total time of deliberations, and indicia of coercion).

We find that the district court did not abuse its discretion in giving the Allen charge. In a traditional Allen charge, the court informs a deadlocked jury that a new trial would be expensive for both sides; that there is no reason to believe that another jury would do a better job; that it is important that a unanimous verdict be reached; that the jurors who are in a minority should consider, without surrendering their convictions, whether the majority's position might be correct and whether their doubt is reasonable when it has not made an impression on the minds of the other jurors. See United States v. Russell, 971 F.2d 1098, 1107 n.18 (4th Cir. 1992). Based on the concern that the instruction to the minority members may be impermissibly coercive, this court mandated the modification of the Allen charge to require the district court to instruct the jury that both the minority and the majority on the jury should reconsider their positions in light of the other side's views. See Burgos , 55 F.3d at 941; United States v. West, 877 F.2d 281, 291 (4th Cir. 1989); United States v. Sawyers, 423 F.2d 1335, 1340 (4th Cir. 1970).

We find that the instruction given here is substantially similar to the instruction approved by this court in Sawyers. See Sawyers, 423 F.2d at 1337 n.4. The district court judge instructed all members of the jury--minority and majority--to reconsider their views in light of the opinions of the other side. Hudgins's jury also was instructed that "none of you should surrender an honest conviction as to the weight or effect of the evidence solely for the mere purpose of arriving at a verdict." (J.A. 134). Moreover, the jury deliberated two and one half hours after the Allen charge before reaching its verdict. Cf. Russell,

4

971 F.2d at 1108 (finding that three hours of deliberations were evidence that a jury was not coerced). These factors weigh against a finding of coercion.

Finally, Hudgins's assertion that the district court's failure to include a reference in the Allen charge to the reasonable doubt standard is without merit. Although other circuits have endorsed a reference to the reasonable doubt standard, see Webb , 816 F.2d at 1267 (citing Potter v. United States, 691 F.2d 1275, 1280 (8th Cir. 1982)), we have not. See Sawyers, 423 F.2d at 1339. Further, the district court told the jury to apply the same rules of law given by the court in the first set of jury instructions, which included instructions that the government had the burden of proving Hudgins's guilt beyond a reasonable doubt.

Accordingly, we affirm Hudgins's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5