Carmen Diane **MATKIN**, Petitioner—Appellant,

v.

Gloria **HENRY**, Warden; Cal A. Terhune; California Department of Corrections, Respondents—Appellees.

No. 04–16784.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2005.

Decided Dec. 22, 2005.

Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Carmen Diane Matkin, Chowchilla, CA, pro se.

Robert Nash, Esq., Robert R. Anderson, Depty Atty Gen., Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondents–Appellees.

all who are racially Indians." *Means,* 432    F.3d at 930.

Before: O'SCANNLAIN, THOMAS, and TALLMAN, Circuit Judges.

## MEMORANDUM *

■ Matkin's claim is not barred by the procedural default doctrine because the California Court of Appeal did not deny habeas corpus relief on an adequate and independent state ground. *See Bennett v. Mueller,* 322 F.3d 573, 580 (9th Cir.2003). "To be deemed adequate, the state law ground for decision must be well-established and consistently applied," *id.* at 583, and the California courts have not applied the simultaneous objection rule to *Allen* charges, *see People v. Barraza,* 23 Cal.3d 675, 683–84, 153 Cal.Rptr. 459, 591 P.2d 947 (1979). Therefore, the Respondents cannot invoke this rule to foreclose federal review and we have jurisdiction to decide this appeal.

■ "Whether the state trial judge coerced the 'holdout' juror[s] to join with the others to make the verdict unanimous is a mixed question of law and fact." *Jiminez v. Myers,* 40 F.3d 976, 979 (9th Cir. 1993) (citation omitted). The California Court of Appeal correctly identified the applicable legal issue: whether Matkin was denied due process because the supplemental instruction was coercive, causing minority jurors to abandon their views in order to join the majority. *See Lowenfield v. Phelps,* 484 U.S. 231, 241, 108 S.Ct. 546, 98 L.Ed.2d 568 (1988) (upholding lower court's determination that the combination of polling the jury and issuing a supplemental instruction to the jury was not coercive in such a way as to deny the defendant a constitutional right). When making such an inquiry, the court must view the supplemental instruction "in its context and under all the circumstances of

th[e] case." *Jenkins v. United States,* 380 U.S. 445, 446, 85 S.Ct. 1059, 13 L.Ed.2d 957 (1965) (per curiam). "Compliance with *Lowenfield* . . . does not demand a formulary statement that the trial court's actions and inactions were noncoercive individually and cumulatively." *Early v. Packer,* 537 U.S. 3, 9, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam) (internal quotation marks omitted).

In its decision to uphold Matkin's conviction, the California Court of Appeal looked at the surrounding circumstances as well as the substance of the trial judge's instruction. Because we cannot say that the California Court of Appeal's decision was *objectively* unreasonable, we cannot grant habeas relief under 28 U.S.C. § 2254(d)(1). *See Williams v. Taylor,* 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Davis v. Woodford,* 384 F.3d 628, 637–38 (9th Cir.2004).

**AFFIRMED.**

THOMAS, Circuit Judge, concurring in part and dissenting in part.

I agree that Matkin's claim is not procedurally barred. However, I would hold that the California Court of Appeal's denial of her habeas corpus petition was an objectively unreasonable application of United States Supreme Court precedent because the *Allen* charge given in this case was not counterbalanced by an instruction "remind[ing] jurors of their duty and obligation not to surrender conscientiously held beliefs simply to secure a verdict for either party." *United States v. Mason,* 658 F.2d 1263, 1268 (9th Cir.1981).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.