**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30257 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00115-SEH-1 |
| v. | |
| SONNY CRAZYMULE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted October 9, 2014[**]
Portland, Oregon

Before: FISHER, CHRISTEN and NGUYEN, Circuit Judges.

Sonny Crazymule appeals his conviction for aiding and abetting assault in

violation of 18 U.S.C. §§ 1153(a), 113(a)(6) and 2. We have jurisdiction under 28

U.S.C. § 1291. We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Sufficient evidence supports Crazymule's conviction. The prosecution presented evidence Crazymule was present at the scene of the crime on the night of the assault, called the victim out of the tent, goaded Eddie Widner into committing the assault, later told a relative he thought he "just killed somebody" and encouraged a friend of Widner's to tell Widner to "take the fall" for the crime. After viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

2. The district court did not abuse its discretion by issuing a supplemental jury instruction because the instruction was not impermissibly coercive. "In assessing the coerciveness of a supplemental instruction, we look to the form of the jury charge, the period of deliberation following the charge, the total time of deliberation, and other indicia of coerciveness or pressure." *United States v. Cuozzo*, 962 F.2d 945, 951 (9th Cir. 1992).

The form of the charge was not coercive. The instruction merely emphasized the difficulty of the jury's task and urged it to carefully consider the instructions, exhibits and testimony before reaching a verdict rather than rushing to unanimity. *Cf. Jenkins v. United States*, 380 U.S. 445, 446 (1965). Although the

court did not remind jurors to retain their conscientiously held beliefs, it was not required to do so.  *See Cuozzo*, 962 F.2d at 952.

The total time of deliberation, as well as the period of deliberation following issuance of the supplemental instruction, do not demonstrate coercion.  *Cf. Weaver v. Thompson*, 197 F.3d 359, 365-66 (9th Cir. 1999).  Nor are there other indicia of coercion.  It was not clear the jury was actually deadlocked, and the court did not know the direction of the vote or the nature of the split.  *See United States v. Berger*, 473 F.3d 1080, 1093-94 (9th Cir. 2007).  The record does not show that minority jurors would have interpreted the supplemental instruction as being directed at them.  *Cf. United States v. Sae-Chua*, 725 F.2d 530, 532 (9th Cir. 1984).

**AFFIRMED.**