

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTHONY HAUBE,

        Petitioner-Appellant,

v.

EARL L. HOUSER,

        Respondent-Appellee.

No.   19-36005

D.C. No. 3:17-cv-00170-JKS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, District Judge, Presiding

Submitted June 16, 2021[**]
Anchorage, Alaska

Before: RAWLINSON, HURWITZ, and R. NELSON, Circuit Judges.

    Petitioner Anthony Haube (Haube) appeals the district court's denial of his

habeas petition asserting that the state trial judge coerced a juror's consent to the

guilty verdict. On habeas review, we may grant relief only if the state court

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision was contrary to or involved an unreasonable application of clearly established federal law.  *See Parker v. Small*, 665 F.3d 1143, 1147 (9th Cir. 2011) (per curiam).  Federal law is comprised of holdings of the United States Supreme Court.  *See id.*

"Clearly established federal law provides that any criminal defendant being tried by a jury is entitled to the uncoerced verdict of that body. . . ."  *Id.* (quoting *Lowenfield v. Phelps*, 484 U.S. 231, 241 (1988)) (alterations and internal quotation marks omitted).  However, the Alaska Court of Appeals' conclusion that the trial judge's post-verdict questioning did not coerce Juror B's vote was not contrary to or an unreasonable application of *Lowenfield*.  *See Haube v. State*, No. A-10047, 2010 WL 2871078 at *4-6 (Alaska Ct. App. Jul. 21, 2010).  Polling the jury is a permissible method of ensuring unanimity.  *See United States v. McCaleb*, 552 F.3d 1053, 1058 (9th Cir. 2009) (discussing *Jenkins v. United States*, 380 U.S. 445 (1965)); *see also* Fed. R. Crim. P. 31(d).  Where, as here, an issue is raised regarding a juror's vote, the trial judge may permissibly clarify that vote.  *See McCaleb,* 552 F.3d at 1058.

There is a distinction between obtaining clarity and coercion.  *See id.* (distinguishing *Jenkins*).  Importantly, the record reflects that Juror B never disavowed the guilty verdict or her vote in favor of that verdict.  Rather, Juror B

consistently expressed that she would have been more comfortable with the verdict if Haube had clarified "what he was doing" during the relevant time period. The trial judge carefully explained that Haube's decision not to testify could not be used against him, and Juror B never stated that she voted to convict Haube due to his failure to testify.

Haube has not identified any Supreme Court case holding that a trial court's clarification of uncertainty in a jury verdict constitutes coercion. *See Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) ("[T]his Court has held on numerous occasions that it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court. . . .") (citations and internal quotation marks omitted).

Haube also failed to demonstrate that the Alaska Court of Appeals made an unreasonable factual determination. Haube contends that the trial judge neglected to consider the "context" of Juror B's response. However, that more than one interpretation of the record exists does not render the interpretation adopted by the state unreasonable. *See Wood v. Allen*, 558 U.S. 290, 301 (2010).

**PETITION DENIED.**

3