NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>IRINA SADOVSKY, AKA Irina Bekerman,<br><br>Defendant - Appellant. | No. 24-4362<br><br>D.C. No.<br>2:18-cr-00375-AB-1<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>IRINA SADOVSKY, AKA Irina<br>Bekerman,<br><br>Defendant - Appellant. | No. 24-7124<br><br>D.C. No.<br>2:18-cr-00375-AB-1 |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Argued and Submitted October 23, 2025
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: R. NELSON and VANDYKE, Circuit Judges, and COLE, District Judge.[**]

Irina Sadovsky (Sadovsky) appeals her convictions for conspiracy to commit healthcare fraud and conspiracy to distribute wholesale drugs. Sadovsky alleges several points of error on appeal, including that the district court erred by denying her motion for a new trial based on jury coercion. We have jurisdiction under 28 U.S.C. § 1291, and we reverse. Our holding on jury coercion disposes of this appeal, so we do not consider Sadovsky's remaining arguments.

1. The district court erred by sending the indictment to the jury following an *Allen* charge and without providing contemporaneous limiting instructions. Whether a district court coerced a verdict is a question of both law and fact that this court reviews de novo. *United States v. Berger*, 473 F.3d 1080, 1089 (9th Cir. 2007); *see Allen v. United States*, 164 U.S. 492 (1896). In reviewing alleged coercion, we consider an *Allen* charge "in its context and under all the circumstances." *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988) (quoting *Jenkins v. United States*, 380 U.S. 445, 446 (1965) (per curiam)). This court has previously cautioned that even "[a] single Allen charge, without more, stands at the brink of impermissible coercion." *See, e.g.*, *United States v. Seawell*, 550 F.2d 1159, 1163 (9th Cir. 1977). By sending the indictment to the jury only after deliberations had already begun, after learning

---

[**] The Honorable Douglas Russell Cole, United States District Judge for the Southern District of Ohio, sitting by designation.

that the jury was deadlocked, after providing an *Allen* charge, and without any contemporaneous limiting instruction, the district court effectively highlighted the government's factual theory of the case and impermissibly coerced a verdict. *See United States v. Evanston*, 651 F.3d 1080, 1088 (9th Cir. 2011) (vacating conviction where district court allowed attorneys to restate closing arguments after deliberations began); *Seawell*, 550 F.2d at 1163.

2. The district court's error prejudiced Sadovsky. In determining whether an *Allen* charge error prejudiced a defendant, we consider the totality of circumstances surrounding the error. *Berger*, 473 F.3d at 1090. That holistic, circumstantial analysis usually considers how quickly the jury reaches a verdict after an *Allen* charge error, alongside the context of any curative instruction. *Id.* at 1092; *Weaver v. Thompson*, 197 F.3d 359, 365–67 (9th Cir. 1999).

The speed at which the jury returned a verdict after receiving the indictment supports finding prejudice. After receiving a note that the jury was deadlocked, the district court provided an *Allen* charge and then dismissed the jurors for the day. The next morning, the district court sent the indictment to the jury room at the outset of the jurors' renewed deliberations. Just over two hours later, the jury advised the judge that it had reached a verdict on all counts but one. The jury never reached a verdict on the remaining deadlocked count, which the government later moved to dismiss. So it is likely that the jury reached its guilty verdicts soon after receiving

the indictment. The speed at which the jury resolved its deadlock after receiving the indictment is enough to find prejudice. *See Evanston*, 651 F.3d at 1083, 1093 (finding prejudice where jury deliberated for two hours after hearing supplemental arguments).

The district court's later curative instruction does not overcome this finding of prejudice, particularly under the circumstances of this case where the jury had already informed the court after receiving the indictment that it remained deadlocked only on one charge. And although the district court had cautioned the jury at the beginning of deliberations that the indictment was not evidence, the court did not provide those same guardrails contemporaneous with sending the indictment to the jury after the *Allen* charge. This, coupled with the quickness with which the jury reached a verdict after receiving the indictment, evinces that Sadovsky likely suffered prejudice from the error.

3. Where, as here, a district court commits a procedural error that results in a coerced verdict, the proper remedy is to vacate a defendant's sentence and remand the case for further proceedings. *See, e.g.*, *Evanston*, 651 F.3d at 1093 (vacating and remanding for a new trial). Accordingly, we reverse the district court's denial of Sadovsky's motion for a new trial and vacate her conviction.

**REVERSED, VACATED and REMANDED.**

4                                                                                              24-4362